IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREW STEVEN WALKER                                                                          PLAINTIFF

v.                                         Civil No.: 6:20-CV-06085

FORMER GUARD KEYSHAWN                                                                       DEFENDANTS
BLEDSOE, FORMER SHIFT CAPTAIN
CROSBY, JANE DOE (Nurse WellPath CCS
employee), DR. HENRY, and DR. YOUNG

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to provide service information for Defendant Dr. Young.

**I.  BACKGROUND**

Plaintiff filed his Complaint on August 14, 2020. (ECF No. 1). The Court entered an Order directing service of Defendants on August 21, 2020. (ECF No. 6). On September 29, 2020, service to Defendant Dr. Young was returned unexecuted, stating that the law firm of Humphries, Odum, and Eubanks could not identify Dr. Young as a current or former employee or independent contractor of Wellpath/CCS. (ECF No. 14). The next day, the Court entered an Order directing Plaintiff to provide additional information to serve Defendant Dr. Young by October 21, 2020. (ECF No. 15). In the Order, Plaintiff was advised that failure to provide the service information would result in the dismissal of Defendant Dr. Young as a party in this case. (*Id*.). This Order

1

was not returned as undeliverable. To date, Plaintiff has failed to provide any additional service information for Defendant Dr. Young.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4 requires the Court to order service by the United States Marshal Service when a plaintiff proceeds *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). "The officers of the court shall issue and serve all process, and perform all duties in such cases". 28 U.S.C. § 1915(d). Further, Rule 4 requires a defendant be served within 90 days after the complaint is filed or the Court must dismiss the complaint or order service be made within a specified time. However, if the plaintiff can show good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Dismissal is not required where service is ineffective, instead, the court has the discretion to either dismiss the action, or quash service but retain the case for further attempts at service. *See Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998). Additionally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

## III.  ANALYSIS

The Court unsuccessfully attempted service on Defendant Dr. Young and then ordered Plaintiff to provide additional information for service by October 21, 2020. Almost two months have passed since that deadline, and Plaintiff has failed to provide the Court with any information for service. Accordingly, I recommend Defendant Dr. Young be terminated as a Defendant in this lawsuit.

## IV.  CONCLUSION

For the foregoing reasons, I recommend Defendant Dr. Young be terminated as a Defendant in this lawsuit.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **21st day of December 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE